USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/18

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
U.S. BANK NATIONAL ASSOCIATION,     :
                                    :   18 Civ. 4044
          Interpleader Plaintiff,   :
                                    :
     - against -                    :   DECISION AND ORDER
                                    :
TRIAXX ASSET MANAGEMENT LLC, et al.:
                                    :
          Interpleader Defendants.  :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

On August 3, 2018, Interpleader Defendant Triaxx Asset Management, LLC ("Triaxx") submitted a letter requesting permission to file a motion for injunctive relief. ("August 3 Letter," Dkt. No. 50.) Specifically, Triaxx requests that the Court "preserve the status quo payment of legal fees pursuant to the Governing Agreements." (Id. at 1.) Triaxx argues that Interpleader Plaintiff U.S. Bank, the Trustee under the 2006-1 Indenture, the 2006-2 Indenture, and the 2007-1 Indenture (see "First Amended Complaint," Dkt. No. 42), is improperly withholding payment of Triaxx's legal fees, which will allegedly cause Traixx to suffer immediate and irreparable harm. Triaxx also contends that the absence of a preliminary injunction will unreasonably and harmfully interfere with its attorney-client relationship and right to counsel. (Id.)

1

By letter dated August 7, 2018, Interpleader Defendant Pacific Investment Management Company LLC ("PIMCO") opposed Triaxx's request for injunctive relief. ("August 7 Letter," Dkt. No. 51.) PIMCO argues that Triaxx's request should be denied because it fails to meet the requirements for a preliminary injunction: most notably, PIMCO asserts, Triaxx cannot show an irreparable injury. PIMCO further contends that any potential harm to Triaxx could be redressed by money damages. (See id. at 2.)

The Court construes Triaxx's August 3 Letter as a motion for a preliminary injunction. For the reasons set forth below, Triaxx's motion is denied.

A preliminary injunction "is one of the most drastic tools in the arsenal of judicial remedies," and, as such, it is "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam) (internal quotation marks omitted). A party seeking a preliminary injunction must demonstrate "(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and

2

(2) irreparable harm in the absence of the injunction." Faiveley Transport Malmo AB v. Wabtec Corp., 559 F.3d 110, 116 (2d Cir. 2009) (internal quotation marks and citation omitted). A showing of irreparable harm "is the single most important prerequisite for the issuance of a preliminary injunction." Id. (internal quotation marks omitted). To demonstrate irreparable harm, the movant "must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Grand River, 481 F.3d at 66 (internal quotation marks omitted).

In its letter, Triaxx has failed to show that -- in the absence of a preliminary injunction -- it would suffer an immediate injury that cannot be remedied after trial. Triaxx merely asserts: "The Trustee's continued withholding of Triaxx's legal fees will cause Triaxx to suffer immediate and irreparable harm in the absence of a preliminary injunction that allows it to continue to obtain indemnification for the funds it needs to pay its counsel for ongoing representation." (August 3 Letter at 1.) The August 3 Letter provides no further details regarding how Triaxx would suffer harm (or of what type) in the absence of a preliminary injunction.

Even assuming that Triaxx is correct that the Trustee is withholding funds that rightfully belong to Triaxx, the Court is not persuaded that Triaxx has shown that it could not be compensated by money damages should it succeed at trial. Nor has Triaxx shown that waiting until after trial would cause Triaxx irreparable harm. (Compare August 3 Letter at 1 with August 7 Letter at 2-3.) According to PIMCO, the Trustee is "specifically retaining [Triaxx's] requested legal fees pending resolution of this action." (Id. at 2.) Thus, Triaxx has not made a "clear showing" that the Trustee could not satisfy a money judgment after trial and that a preliminary injunction is therefore necessary to avoid irreparable harm. See Grand River, 481 F.3d at 66.

Accordingly, it is hereby

**ORDERED** that the motion of Triaxx Asset Management LLC for a preliminary injunction (Dkt. No. 50) is **DENIED**.

**SO ORDERED.**

Dated:   New York, New York
         17 September 2018

                                             Victor Marrero
                                             U.S.D.J.

4