

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK NATIONAL ASSOCIATION,

        Plaintiff,

-against-

TRIAXX ASSET MANAGEMENT LLC, et al.,

        Defendants.

18-CV-4044 (BCM)

**ORDER RE TRUSTEE'S LETTER-MOTION TO COMPEL**

**BARBARA MOSES, United States Magistrate Judge**.

      By letter-motion dated September 23, 2021 (Trustee Ltr.) (Dkt. No. 378), plaintiff U.S. Bank National Association (U.S. Bank or Trustee) seeks an order compelling defendants Triaxx Asset Management LLC (TAM) and Phoenix Real Estate Solutions Ltd. (Phoenix) (collectively, the TAM Parties) to produce the documents they have withheld from discovery in this action on privilege grounds because, in the Trustee's view, their 246-page revised privilege log (Revised Log) (Dkt. No. 378-1), which was prepared in response to my Order re Privilege Log, dated March 31, 2021 (March 31 Order) (Dkt. No. 330), is deficient. The TAM Parties filed an opposing letter-brief on September 23, 2021 (TAM Pty. Ltr.) (Dkt. No. 380), to which the Trustee replied on October 8, 2021 (Trustee Reply Ltr.) (Dkt. No. 382.) I heard argument on the Trustee's motion on October 22, 2021. The motion will be denied to the extent it seeks wholesale production of documents withheld and logged as privileged. However, the TAM Parties will be required to provide certain additional information.

      The TAM Parties originally produced a categorical privilege log (Log) (Dkt. No. 315-1) covering more than 12,500 withheld documents, grouped into 21 categories. The Trustee challenged that Log as insufficient in various ways. (Dkt. No. 315.) In the March 31 Order, I resolved that challenge by directing the TAM Parties to produce a "traditional, document-by-

document privilege log" as to the documents in Categories 4, 10, and 16. March 31 Order at 8. The 968 documents in Category 10 were particularly likely to be probative (if not privileged), because they concerned various subjects "central to the dispute underlying the present action," *id*. at 4, including, for example, the "engagement of Phoenix Real Estate Solutions" and Phoenix's "work on behalf of" the Triaxx CDOs. Log at 9.[1] As to Category 18 (covering 4,723 documents, all concerning the "activist litigations," and all withheld as work product), I directed the TAM Parties to provide an accurate date range for the category and a complete list of the individuals "by" and "for" whom the withheld documents were prepared. March 31 Order at 8. As to the remaining 17 categories (covering almost 6500 documents, also concerning the "activist litigations," but unlike Category 18 including communications with outside counsel withheld as attorney-client privileged), I required the TAM Parties to provide an accurate date range for each category and a complete list of all senders, addressees, and other recipients of the communications within that category. *Id*.

The Revised Log complies with the March 31 Order. However, according to the Trustee, it does not comply with Fed. R. Civ. P. 26(b)(5)(A) or Local Civ. R. 26.2(a)(2)(A)(iv), because it does not reveal "which law firm represented which entity and when." Trustee Ltr. at 2. Specifically, the Trustee complains, the TAM Parties refused its request to identify, for each law firm listed: (i) its client(s); (ii) the nature of each engagement; (iii) the time period of the engagement; and (iv) whether there were any changes to the client roster or the nature of the engagement during that period. *Id*. As a result, according to the Trustee, the TAM Parties "have waived the privilege and

---

[1] All capitalized terms used but not defined herein have the meanings ascribed to them in *U.S. Bank Nat'l Ass'n v. Triaxx* Asset *Mgmt. LLC*, WL 1227052, at *1 (S.D.N.Y. Mar. 31, 2021), familiarity with which is assumed.

2

the withheld documents should be produced." *Id*. at 4.[2] The Trustee does not, however, cite any cases or other authorities requiring that the information it demanded be provided as part of a categorical privilege log otherwise appropriate under Local Civ. R. 26.2(c), much less deeming privileges waived for failure to provide that information.[3] Nor does the Trustee explain, other than in broad generalities, why (or if) it believes that the TAM Parties have improperly withheld non-privileged documents under cover of the categorical portion of the Revised Log, or how the additional information they seek will assist them in either confirming or refuting that suspicion. *Cf. In re Aenergy, S.A.*, 451 F. Supp. 3d 319, 326 (S.D.N.Y. 2020) (court had reason to be

---

[2] During the October 22, 2021 conference, counsel for the Trustee confirmed that its claim of waiver, and demand for production, is limited to the withheld documents covered by the categorical portion of the Revised Log. The document-by-document portion, while "not perfect," is not the subject of the instant letter-motion.

[3] The Trustee cites *Jessore Mgmt. SA v. Brit Syndicate 2987*, 2021 WL 4037849, at *12 (S.D.N.Y. Sept. 3, 2021), for the proposition that "[i]dentifying persons listed in the privilege log who received and sent withheld communications, their roles in this litigation and the capacities in which they received and sent withheld communications in the circumstance of this case is fundamental information necessary to establish the application of the attorney-client privilege." Trustee Ltr. at 3. In *Jessore Mgmt.*, however, defendants initially withheld documents without serving any log at all. Later (after fact discovery closed), they served a log which, among other things, revealed that documents had been improperly withheld as "irrelevant." *Id*. at *11. Further, although the log listed 21 individuals whose communications were assertedly protected by the attorney-client privilege or the work product doctrine, it did not even disclose (as to most of them) whether they were lawyers, nor otherwise explain their "relationships with the litigants." *Id*. The surveyor retained by defendants' British solicitors was not listed at all, notwithstanding defendants' vigorous argument that his "files and correspondence with counsel" were properly withheld as privileged. *Id*. at *12. On these facts, Judge Fox found the log both "untimely and inadequate," *id*. at *14, and ordered defendants to disclose the allegedly privileged documents. *Id*. Here, by contrast, the Revised Log was served timely and in compliance with an order of this Court. It does not assert nonexistent grounds for withholding non-privileged documents, and there is no claim that it fails entirely to list persons whose communications are allegedly privileged. Moreover, unlike the log in *Jessore Mgmt.*, the Revised Log clearly identifies which of the listed individuals are lawyers. It also identifies their law firms. Similarly, it identifies the employers of the listed individuals who are not lawyers. Thus, while the Trustee is correct that the Revised Log does not disclose which law firms represented the TAM Parties (and which represented other clients) throughout the relevant time period, it does not suffer from the far more fundamental deficiencies that led Judge Fox to conclude, in *Jessore Mgmt.*, that defendants had in effect waived all claimed privileges.

"concerned that overbroad or otherwise unwarranted privilege determinations are hiding behind GE's groupings").

In response to the Trustee's letter-motion, the TAM Parties point out that a judicially-imposed privilege waiver is a "harsh remedy that generally is reserved for egregious noncompliance" with discovery rules or court orders. TAM Pty. Ltr. at 1 (quoting *In re Welspun Litig.*, 2018 WL 4693587, at *3 (S.D.N.Y. Sept. 21, 2018)). Such a remedy would be inappropriate where, as here, the challenged log was produced in response to, and complies with, a prior court order.

The TAM Parties also point out, with some force, that the issues now before me could have been raised in the Trustee's challenge to the original Log. TAM Pty Ltr. at 2. The Trustee did not then seek the level of detail it now demands. Nor did it timely seek reconsideration or modification of my March 31 Order, which it could have done had it believed that order insufficient.

Finally, the TAM Parties note correctly that "proportionality is an issue in evaluating privilege logs, just as it is with other aspects of discovery." TAM Pty. Ltr. at 3 (quoting March 31 Order, at 8); *See also Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, 297 F.R.D. 55, 63 (S.D.N.Y. 2013) ("[T]he purpose of categorical privilege logs . . . is to reduce the potential burdens imposed by a document-by-document privilege log in cases involving high volumes of privileged material."). The categorical portion of the Revised Log (including Category 18) covers over 11,000 documents, all of which concern the activist litigations, which are "not directly at issue in this action." March 31 Order at 8.[4]

---

[4] It is true, as the Trustee points out, the certain issues arising from the settlement of those activist litigations – for example, the use of settlement funds to pay Phoenix outside of the Waterfall – are also issues here. Trustee Reply Ltr. at 2. However, TAM has asserted an advice-of-counsel defense with respect to the decision to use those funds in that manner. *See* TAM Ans. (Dkt. No. 211) ¶ 137.

4

On this record, it would be disproportionately burdensome to require the TAM Parties to research and report on the representational history of every law firm listed on the Revised Log. This information, as they note, "is not actually contained in the documents on the log," TAM Pty. Ltr. at 2, and with respect to the firms representing other entities, (with which the TAM Parties claim to have shared a common interest) may not even be accessible to the TAM Parties. It is not unreasonable, however, to ask a party to identify which of the lawyers listed on its privilege log was *its* lawyer, as opposed to another entity's lawyer. Consequently, the TAM Parties must identify which of the law firms listed on the revised log represented TAM, Phoenix, or both of them, and for what periods of time (within the years covered by the Revised Log). This information must be provided within two weeks of the date of this Order. Moreover, nothing in this Order prevents the Trustee from further exploring, at deposition or through other discovery mechanisms, the claim of privilege for a particular document or group of documents.

Except as expressly stated herein, the Trustee's letter-motion is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 378.

Dated: New York, New York
       October 25, 2021                           SO ORDERED.

                                                  _____
                                                  **BARBARA MOSES**
                                                  **United States Magistrate Judge**

---

Therefore (as its counsel confirmed at the October 22, 2021 conference), it makes no claim of privilege as to communications concerning that issue.