

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK NATIONAL ASSOCIATION,

        Plaintiff,

-against-

TRIAXX ASSET MANAGEMENT LLC, et al.,

        Defendants.

18-CV-4044 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

      In its Memorandum and Order dated October 26, 2021 (Dkt. No. 387), the Court denied a motion by U.S. Bank, in its capacity as Trustee of Triaxx 2006-1, to remand to State Court an Article 77 petition commenced there by the Trustee, removed to this Court by the TAM Parties and the 2006-1 Issuer, and consolidated into the above-captioned action.[1] In a joint letter dated November 9, 2021 (Dkt. No. 389), the parties to the removed action agreed that it should proceed on the same schedule as the remainder of the above-captioned action and be treated as "a single claim for declaratory judgment" by the Trustee as to its refusal to pay the Phoenix Invoices or the Interpleader Legal Fees from Triaxx 2006-1's accounts. The Court concurs. Consequently, it is hereby ORDERED that discovery and other pretrial proceedings with respect to the removed claim shall proceed on the same schedule (*see* Dkt. No. 385) applicable to the claims originally filed in this Court.

      By separate letter dated November 9, 2021 (Dkt. No. 391), non-party Citigroup Global Markets, Inc. (Citi), which identifies itself as a Noteholder in the CDO known as Triaxx Prime CDO 2006-2 (Triaxx 2006-2), reminded the Court that "the interpleader action with respect

---

[1] All capitalized terms used in this Order, if not defined herein, are used as defined in the October 26 Memorandum and Order.

Triaxx 2006-2 has not been dismissed," despite the fact that PIMCO – the only Triaxx 2006-2 Noteholder that was named as an interpleader defendant and asserted an affirmative claim to the *res* with respect to that CDO – has been redeemed. (*See* Dkt. Nos. 371, 373-1.) Since PIMCO has no further interest in the outcome of this action with respect to Triaxx 2006-2, and since neither Citi nor any other Triaxx 2006-2 Noteholder has intervened or been added as a party (although Citi states that it too opposes the payment of the Phoenix Invoices and the Interpleader Legal Fees from Triaxx 2006-2's accounts), it appears to the Court that the Trustee's interpleader claim should be dismissed without prejudice with respect to Triaxx 2006-2, and that PIMCO's affirmative claims to the *res* should likewise be dismissed with respect to that CDO. (*See generally* Dkt. Nos. 318, 328.) Any party wishing to argue to the contrary may submit a letter-brief, not to exceed four pages, no later than **November 29, 2021**. Opposition will be due no later than **December 6, 2021**.

The Court notes that, insofar as it is aware, PIMCO remains a Noteholder in the third CDO at issue in this action, Triaxx Prime CDO 2007-1 (Triaxx 2007-1). Consequently, as to Triaxx 2007-1, PIMCO will remain an interpleader defendant and retain its affirmative claims to the *res* asserting that the Trustee should not pay the Phoenix Invoices or the Interpleader Legal Fees from that CDO's accounts. The Court further notes that, as to all three CDOs, the TAM Parties' counterclaims remain pending to the extent they seek a declaration that Phoenix is entitled to payment on the Phoenix Invoices (as Administrative Expenses, through the Waterfall) and that both TAM Parties are also entitled to payment of their Interpleader Legal Fees.

Citi has expressed the view that "[b]ecause the issues are the same across all three Triaxx transactions," the "result and decisions of this action relating to Triaxx 2007-1, as litigated by PIMCO, should obtain as to Triaxx 2006-2 as well," regardless of whether it (or any other Triaxx 2006-2 Noteholder) intervenes or is added as a party with respect to Triaxx 2006-2. (Dkt. No. 371;

*see also* Dkt. No. 391.) Similarly, "the Trustee's position is that whatever the outcome of the interplead disputes, that outcome should apply uniformly to all three of the Triaxx CDOs." (Dkt. No. 373.) If the parties are uncertain as to whether this view is correct, they are of course free to "negotiate a simple stipulation providing for this result." (Dkt. No. 391.) Citi may also, if it wishes, move to intervene as an interpleader defendant as to Triaxx 2006-2. Any such motion should be made **before** the **November 29, 2021** deadline, set forth above, for letter-briefs regarding the dismissal of the interpleader claim as to Triaxx 2006-2.

Dated: New York, New York
November 15, 2021

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**