USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/31/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff,

-against-

TRIAXX ASSET MANAGEMENT LLC, et al.,

    Defendants.

18-CV-4044 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    By motion dated November 26, 2021 (Dkt. No. 395), supported by a memorandum of law (Citi Mem.) (Dkt. No. 396), non-party Citigroup Global Markets, Inc. (Citi), which identifies itself as a senior noteholder (Noteholder) in the collateralized debt obligation (CDO) known as Triaxx Prime CDO 2006-2 (Triaxx 2006-2), seeks to intervene in this action as an interpleader defendant with respect to Triaxx 2006-2. The motion will be granted on the conditions set forth below.

## Background

    The intervention motion arises from Citi's concern that, given the redemption of the Triaxx 2006-2 notes (Notes) held by Pacific Investment Management Company, LLC (PIMCO), the interpleader claim will be dismissed as to Triaxx 2006-2, for lack of subject-matter jurisdiction, unless another Noteholder in that CDO steps into PIMCO's shoes as an interpleader defendant. *See* Citi Mem. at 1, 8, 11 ("If Citi does not become a party, the Court will likely dismiss the . . . interpleader claim with respect to Triaxx 2006-2"). PIMCO remains a Noteholder in the CDO known as Triaxx Prime CDO 2007-1 (Triaxx 2007-1) and an interpleader defendant with respect to that CDO.

    PIMCO became an interpleader defendant, as to both Triaxx 2006-2 and Triaxx 2007-1, after it objected to the payment of certain invoices (the Phoenix Invoices), out of the CDOs'

accounts, to Phoenix Real Estate Solutions, Ltd. (Phoenix), an affiliate of the CDOs' Collateral Manager, Triaxx Asset Management LLC (TAM). The premise of the interpleader claim, filed by U.S. Bank National Association (the Trustee) in its capacity as Trustee of the CDOs, is that the Trustee faces competing demands – from PIMCO on the one hand, and from TAM and Phoenix (collectively the TAM Parties) on the other hand – as to whether to pay the Phoenix Invoices, as well as certain related legal fees (collectively the Disputed Funds). *See* Third Amend. Compl. (Dkt. No. 203) ¶¶ 38-70. The Trustee has "retained" (declined to pay) the Disputed Funds during the pendency of this action. *Id*. ¶ 60.

On June 1, 2021, the Trustee notified the Noteholders in Triaxx 2006-2 that "PIMCO's position has been redeemed," and warned that if no other Noteholder in that CDO "promptly joins the Interpleader Action and asserts a position adverse to that taken by [TAM] and Phoenix, the Interpleader Action may not continue or the Court could otherwise dismiss such action, including as a result of the Court finding that the prerequisites to maintaining the Interpleader Action are no longer satisfied." (Dkt. No. 373-1, at 2.)

In support of its intervention motion, Citi states that its interest is identical to PIMCO's – it too "opposes the payment of the amounts at issue." Citi Mem. at 5; *see also* Moskowitz Reply Decl. (Dkt. No. 402) Exs. A-B (letters from Citi to the Trustee, dated July 18, 2018 and July 15, 2021, objecting to the payment of the Disputed Funds to the TAM Parties). Citi explains that it seeks to intervene "only for the limited purpose of curing any procedural deficiency resulting from the redemption of PIMCO's position with respect to Triaxx 2006-2." Citi Mem. at 8. It assures the Court that if granted leave to intervene it will rely on PIMCO's pleadings (past and future), make no discovery demands of its own, and cause no delays or other difficulties. *Id*. at 8, 12-13. To that

end, it further proposes that it not be required to file any pleading (because its position is "clear") or respond to discovery from any other party. *Id*. at 12-13.

## The Parties' Positions

The Trustee does not oppose the motion. Nor does interpleader defendant Triaxx Prime CDO 2006-2, Ltd., the issuer of the Triaxx 2006-2 Notes. But the TAM Parties, which are adverse to PIMCO and would be adverse to Citi, filed an opposition memorandum (TAM Opp.) (Dkt. No. 398), arguing principally that the intervention motion is tardy, because Citi's interest in this litigation long predates the redemption of PIMCO's Notes and because – even assuming that the redemption gave it good cause to intervene – it waited too long to do so after admittedly receiving notice of the PIMCO redemption on June 1 of this year. TAM Opp. at 10-13.

The TAM Parties further argue that the species of "limited" intervention that Citi seeks is impermissible, *id*. at 16, and that, notwithstanding Citi's promise to make no trouble, granting its motion would cause "significant delays" because even if Citi did not engage in affirmative discovery, the TAM Parties would be entitled to conduct their own discovery regarding the new interpleader defendant. "At a minimum," they contend, Citi would need to disclose the same kinds of documents and information as PIMCO, including its "trading history in the notes," its "communications or agreements with the Trustee and other noteholders concerning the Triaxx CDOs," and its "knowledge of Phoenix's engagement, work, and compensation," among other matters. *Id*. at 14. In the TAM Parties' estimation, this would "further delay the already protracted discovery phase." *Id*.[1]

---

[1] Fact discovery is scheduled to close in this action on March 31, 2022; expert discovery is scheduled to close on June 30, 2022. (Dkt. No. 385.)

Along with their opposition papers, the TAM Parties filed a letter (Dkt. No. 400) asking that the Court dismiss the Trustee's interpleader claim as to Triaxx 2006-2, as well as "PIMCO's affirmative claim to the res with respect to that CDO." (Dkt. No. 400.)

In its reply brief (Citi Reply) (Dkt. No. 401), Citi asserts that the timeliness of its motion should be measured against the "changed circumstances" presented by the PIMCO redemption, Citi Reply at 2-3, and that it acted with reasonable diligence after learning of those circumstances by, among other things, filing its intervention motion in advance of the deadline set by the Court. *Id*. at 3-5.[2] Further, Citi contends, the TAM Parties will not be prejudiced by the intervention because Citi does not require any discovery (and cannot be blamed if the TAM Parties "are insisting on taking discovery of Citi"). *Id*. at 6-7. Conversely Citi argues, denial of the motion would likely result in the dismissal of the interpleader claim as to Triaxx 2006-2 and prompt the TAM Parties to "argue that all of the Disputed Funds" should be "released immediately," to its detriment as a Noteholder in Triaxx 2006-2. *Id*. at 8. Citi concludes with a plea that this Court exercise its discretion to "approve the limited intervention as proposed by Citi." *Id*. at 20.

## Legal Standards

Fed. R. Civ. P. 24(b)(1)(B) authorizes the Court, on timely motion, to permit intervention if the movant "has a claim or defense that shares with the main action a common question of law or fact." The rule should be construed "liberally," *Olin Corp. v. Lamorak Ins. Co*., 325 F.R.D. 85, 87 (S.D.N.Y. 2018) (quoting *Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006)), and is "committed to the broad discretion of the Court." *Giuffre v. Dershowitz*, 2021 WL 5233551, at *3 (S.D.N.Y. Nov. 10, 2021) (citing *AT&T Corp. v. Sprint Corp*., 407 F.3d 560, 561 (2d Cir. 2005); *see also Barry's Cut Rate Stores Inc. v. Visa, Inc.*, 2021 WL 2646349, at *5 (E.D.N.Y. June

---

[2] The deadline was November 29, 2021. (Dkt. No. 394.)

28, 2021) ("Permissive intervention is wholly within the court's discretion."). In exercising that discretion, however, the court's "principal guide" should be "'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (quoting Fed. R. Civ. P. 24(b)(2)). Other factors include "'the nature and extent of the intervenors' interests,' whether their interests are 'adequately represented by the other parties,' and 'whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *U. S. Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978) (quoting *Spangler v. Pasadena City Board of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

Where intervention is sought pursuant to Rule 24(b), the court has considerable flexibility in devising the conditions upon which it is permitted. *See*, *e.g.*, *City of Syracuse, NY v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 2021 WL 1051625, at *9 (S.D.N.Y. Mar. 19, 2021) (permitting intervention for the limited purpose of litigating plaintiffs' claims "as presented," under the Administrative Procedure Act, without discovery or "extra-record evidence"); *Barry's Cut Rate Stores*, 2021 WL 2646349, at *13 (permitting intervention for the limited purpose of opposing a class certification motion and exempting the movant from filing "a pleading that sets out the claim or defense for which intervention is sought," as ordinarily required by Rule 24(c)). The conditions should strike "an appropriate balance between the [movant's] interests and the parties' interest in the expeditious determination" of the matter. *United States v. New York City Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018) (permitting intervention for the limited purpose of opposing a proposed consent decree and requiring intervenors to file their papers in eight days).

**Analysis**

The TAM Parties do not dispute that Citi, as a Noteholder in Triaxx 2006-2, "has a claim or defense that shares with the main action a common question of law or fact" as required by Rule 24(b)(1)(B). Nor does it deny that Citi's interests are aligned with PIMCO's but – as a result of the redemption of PIMCO's position in Triaxx 2006-2 – are not now "adequately represented by the other parties." *Brennan*, 579 F.2d at 191. Instead, the TAM Parties resist the motion on two interrelated grounds, arguing that Citi did not move "timely" to intervene, and that if it is permitted to do so now they will be unfairly prejudiced in that they will be required to incur additional expense and endure additional delay in order to conduct necessary discovery concerning the new interpleader defendant. I disagree on both points.

Citi's interests were more than adequately represented by PIMCO at the outset of this action. The redemption of PIMCO's position in Triaxx 2006-2, however, renders it unable to continue to represent those interests – as evidenced by the prior dismissal of the interpleader claim as to the CDO known as Triaxx Prime CDO 2006-1 (Triaxx 2006-1)[3] and the TAM Parties' request that it now be dismissed as to Triaxx 2006-2 as well. The redemption thus constituted a "changed circumstance" warranting intervention. *See, e.g., City of Syracuse*, 2021 WL 1051625, at *5 (permitting intervention by defendant gun parts manufacturer after the law enforcement agencies named as original defendants instituted a criminal investigation against movant, leaving it "concerned about having its interests represented by" those agencies); *New Jersey Carpenters Health Fund v. Residential Cap., LLC*, 2010 WL 5222127, at *2 (S.D.N.Y. Dec. 22, 2010)

---

[3] The Court dismissed the interpleader claim as to Triaxx 2006-1 on January 12, 2021, after the sole 2006-1 Noteholder then named as an interpleader defendant, Goldman Sachs & Co., withdrew from this action, and no other 2006-1 Noteholder stepped forward to appear in its place. (Dkt. Nos. 327, 328.)

(permitting intervention by additional plaintiffs to cure "standing problems" flowing from court's ruling that original plaintiffs could not challenge certain offerings in which they did not purchase securities); *Eckert v. Equitable Life Assurance Soc'y of U.S.*, 227 F.R.D. 60, 64 (E.D.N.Y. 2005) (permitting intervention by new plaintiff and proposed class representative after original plaintiff settled, causing defendant to seek dismissal of the entire case for lack of subject matter jurisdiction); *Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55, 58 (S.D.N.Y. 1993) (permitting intervention after death of original plaintiff, since "the deceased Mr. Diduck" could no longer represent movants' interests).

Further, although Citi unaccountably dithered for a few months before filing its intervention motion,[4] the fact discovery period remains open. And while the Court agrees with the TAM Parties that they are entitled to some additional discovery as to Citi, that discovery will of course be limited to the relatively modest scope of the discovery previously conducted or permitted as to PIMCO.[5] The Court is confident that the TAM Parties will be able to obtain the information to which they are reasonably entitled by the end of March. Thus, their claim of prejudice, resting largely on their fear that intervention will "significantly delay the case," Tam Opp. at 14, appears somewhat overblown.

---

[4] *See* Citi Letter dated Aug. 19, 2021 (Dkt. No. 371) (acknowledging receipt of the June 1, 2021 notice but informing the Court that it did not believe it was "necessary, nor in the interest of judicial economy, for Citi to insert itself in the litigation"); Citi Letter dated Nov. 9, 2021 (Dkt. No. 391) (informing the Court that it still did not believe it was "necessary, nor in the interest of judicial economy, for Citi to insert itself in the litigation").

[5] On July 16, 2021, the Court denied the TAM Parties' bid to obtain trade tickets, memoranda, and related documents concerning PIMCO's purchases and sales of notes in Triaxx 2006-2 and 2007-1. (Dkt. No. 364 at 1-2.) As the Court explained, while the TAM Parties were "entitled to know what Notes PIMCO bought and sold, and when," the additional, detailed information sought "would not add to the TAM Parties' knowledge concerning 'how much PIMCO has received from the CDOs,'" nor shed light on "whether the proceeds of its investments were decreased by the Phoenix payments or increased as a result of Phoenix's work." (*Id.*)

The prejudice to Citi, however – if it is not permitted to intervene – is clear. While it would of course remain a Noteholder in Triaxx 2006-2, with all of the rights attendant upon that status, it would be unable to protect those rights before this Court, particularly if, as it fears, the TAM Parties convinced the Court that in the absence of a live interpleader claim the Trustee could no longer retain the Disputed Funds in the accounts of Triaxx 2006-2. *See* Citi Reply at 7 (asserting that the TAM Parties "intend to argue that the Disputed Funds should be released immediately"). And while Citi could, conceivably, initiate a new action to protect itself against that outcome, (either here or in a New York State court), that result would undermine one of the purposes of intervention, "to prevent an unnecessary multiplicity of lawsuits." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 2015 WL 777248, at *23 (E.D.N.Y. Feb. 13, 2015) (permitting intervention "for the limited purpose of engaging in discovery"), *report and recommendation adopted,* 2015 WL 1345814 (E.D.N.Y. Mar. 25, 2015).

### Conditions

As the Court of Appeals explained in *Floyd v. City of New York.*, 770 F.3d 1051 (2d Cir. 2014) (per curiam), "[i]ntervention is a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand." *Id*. at 1057 (quoting *Pitney Bowes,* 25 F.3d at 69). Balancing these goals here, the Court concludes that Citi should be permitted to intervene as an interpleader defendant as to Triaxx 2006-2 on the conditions it has proposed, *except* that it will not be immune from narrowly-tailored discovery that does not exceed the scope of the discovery conducted as against PIMCO, nor free from the requirements of Fed. R. Civ. P. 11.

While Citi's "position" may be clear, *see* Citi Mem. at 13, it proposes to intervene not merely to oppose a single motion, *cf. Barry's Cut Rate Stores*, 2021 WL 2646349, at *13, but to litigate the interpleader claim to judgment as to Triaxx 2006-2. That role necessarily comes with certain basic discovery responsibilities. For example, the TAM Parties are entitled to know "what Notes [Citi] bought and sold, and when." (Dkt. No. 364, at 2.) Citi must also shoulder its responsibilities under Rule 11. Thus, while it is free to adopt PIMCO's past pleadings and papers with respect to Triaxx 2006-2, it cannot prospectively adopt PIMCO's *future* pleadings without – at a minimum – signing them, as required by Rule 11(a), thereby making the representations set forth in Rule 11(b).

## Conclusion

For the reasons set forth above, Citi's motion for leave to intervene in this action pursuant to Fed R. Civ. P. 24(b), solely as an interpleader defendant and solely with respect to Triaxx 2006-2 (Dkt. No. 395), is GRANTED on the following conditions:

1. Citi is deemed to have adopted, for purposes of Triaxx 2006-2, the claims and defenses previously asserted by PIMCO in its pleadings and other papers regarding the interpleader claim, without the need for any further action on the part of Citi.

2. With respect to any future pleadings and papers regarding the interpleader claim, Citi shall either file jointly with PIMCO or shall adopt some or all of PIMCO's claims, defenses, and arguments, for purposes of Triaxx 2006-2, in a separate pleading or paper that neither duplicates nor adds to the substance of those claims, defenses, and arguments. Nothing in this Order prevents Citi from setting forth, either in a joint filing or in its separate pleading or paper, any pertinent *facts* that are specific to Citi.

3. Citi shall not serve any discovery requests.

4.  Citi shall promptly and in good faith respond to narrowly-tailored discovery requests served by the TAM Parties, which may not exceed the scope of the discovery conducted by them as against PIMCO. Any discovery disputes must be presented to the Court expeditiously in accordance with Local Civil Rule 37.2 and Judge Moses's Individual Practices.

5.  This Court's prior scheduling orders remain in effect.

The TAM Parties' letter-motion seeking dismissal of the interpleader claim as to Triaxx 2006-2 (Dkt. No. 400) is DENIED.

The Clerk of Court is respectfully directed to add Citigroup Global Markets, Inc. to the caption of this action as an interpleader defendant and close the motion at Dkt. No. 395.

Dated: New York, New York
       December 31, 2021                         SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**