USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/15/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>                Plaintiff,<br><br>  -against-<br><br>TRIAXX ASSET MANAGEMENT LLC, et al.,<br><br>                Defendants. | 18-CV-4044 (BCM)<br><br>**ORDER OF SEVERANCE** |
| TRIAXX PRIME CDO 2006-1 LTD., et al.,<br><br>                Plaintiffs,<br><br>  -against-<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>                Defendant. | 21-CV-11019 (BCM) |

**BARBARA MOSES, United States Magistrate Judge**.

On December 22, 2021, U.S Bank National Association (U.S. Bank), plaintiff in Case No. 18-CV-4044 (the Original Action), removed from state a court an action filed there under the caption *Triaxx Prime CDO 2006-1 Ltd., et al., v. U.S. Bank National Association*, which was assigned Case No. 21-CV-11019 in this Court (the New Action). U.S. Bank simultaneously filed a Related Case Statement noting that although no complaint had yet been filed in the New Action (which was commenced in state court by means of a Summons with Notice), the parties to the New Action are all parties to the Original Action, and both cases arise out of the same collateralized debt obligations (CDOs), governed by the same indentures and other contracts. *See* Case No. 21-CV-11019, ECF Nos. 1, 2.

The New Action was initially assigned to the Hon. Victor Marrero, the district judge originally assigned to the Original Action,[1] who accepted it as related to the Original Action. On

---

[1] The Original Action is now before me on consent pursuant to 28 U.S.C. § 636(c). *See* Case No. 18-CV-4044, ECF No. 171.

December 29, 2021, after a review of the Summons and Notice filed in state court, Judge Marrero consolidated the actions and ordered that all filings in connection with the New Action henceforth be docketed in Case No. 18-CV-4014. *See* Case No. 18-CV-4044, ECF No. 403; Case No. 21-CV-11019, ECF No. 9. Thereafter, on January 18, 2022, the plaintiffs in the New Action filed a Complaint, *see* Case No. 18-CV-4044, ECF No. 406, which makes it clear that although there is substantial overlap of parties, and although the Original Action and the New Action arise out of the same CDOs, governed by the same indentures and other contracts, the specific events and transactions in dispute in the New Action are different from those in dispute in the Original Action.[2] Moreover, while the pleadings have long been settled in the Original Action, and fact discovery is nearly concluded, the parties named as defendants in the New Action anticipate moving to dismiss the newly-filed Complaint, after which (should that motion be denied in whole or in part) discovery will likely be required with respect to the specific events and transactions in dispute in the New Action.

For these reasons, as further discussed during the February 11, 2022 conference, the Court concludes that in the interest of judicial economy, and to avoid prejudicing the parties to either of the presently consolidated actions, the Complaint now on file in Case No. 18-CV-4044 at ECF No. 406 shall be and it hereby is SEVERED pursuant to Fed. R. Civ. P. 21. The Clerk of Court is respectfully directed to de-consolidate Case No. 21-CV-11019 from Case No. 18-CV-4044 and to reopen the docket of Case No. 21-CV-11019. The parties are directed to file the Complaint, Consent, and letter-application now docketed in Case No. 18-CV-4044 at ECF Nos. 406, 408 and 409 (all of which relate solely to the New Action) on the docket of Case No. 21-CV-11019 instead.

---

[2] Additionally, the parties to the New Action executed a fresh consent pursuant to 28 U.S.C. § 636(c). *See* Case No. 18-CV-4044, ECF No. 408.

Although de-consolidated, Case No. 21-CV-11019 shall remain marked as related to Case No. 18-CV-4044.

Dated: New York, New York
February 15, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**