UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK NATIONAL ASSOCIATION,

                Plaintiff,

      -against-

TRIAXX ASSET MANAGEMENT LLC, et al.,

                Defendants.

18-CV-4044 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Trustee's February 1, 2023 letter-motion (Dkt. 455) to seal the unredacted version of its February 1, 2023 letter-brief (Dkt. 456) is DENIED.[1] The Trustee redacted two small portions of the letter-brief because the underlying information was designated "confidential" by the TAM Parties during the discovery period. The TAM Parties, for their part, state in their February 6, 2023 letter that they seek continued sealing *only* for the portion of the letter, on page 3, that reveals the amount of money that TAM directed to its affiliate Phoenix from the Recoveries outside of the Waterfall. (Dkt. 460 at 1.) The TAM Parties argue that this information has no bearing on their pending request to release funds now being held in escrow by the Trustee to pay their legal fees in this action, and that the amount paid to Phoenix is "confidential information." (*Id.* at 1-2.)

The Court disagrees. The Trustee's February 1 letter-brief is a "judicial document" as to which a presumption of public access applies. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The TAM Parties' resources, including the sums paid to Phoenix from the Recoveries, are relevant to their request for the release of additional funds (which the Court construes as a request for preliminary injunctive relief and is thus dispositive), and will also be relevant to any motion by their counsel for leave to withdraw on grounds of non-payment. I note

---

[1] Capitalized terms used herein have the same meaning as in the Court's Opinion and Order dated March 31, 2021 (Dkt. 331).

as well that the sums directed to Phoenix outside of the Waterfall, together with the circumstances surrounding those transactions, are central to the several of the claims now scheduled for trial on April 17, 2023, at which point confidentiality designations made during the discovery period will have little, if any, impact.

Nor have the TAM Parties articulated any "countervailing factors," *Lugosch*, 435 F.3d at 120, sufficient to overcome the presumption of public access. Although they suggest that "disadvantages" would "flow to the TAM Parties if such information were disclosed" (Dkt. 460 at 2), they do not describe any of those disadvantages. The Court thus has no basis upon which it could make the "specific, on the record findings" necessary to justify continued sealing. *Lugosch*, 435 F.3d at 120.

For these reasons, the unredacted letter-brief at Dkt. 456 will be unsealed. The Clerk of Court is respectfully directed to close the motions at Dkt. 451 (resolved by means of the telephonic conference held this afternoon) and Dkt. 455.

Dated: New York, New York
February 7, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**