UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK NATIONAL ASSOCIATION,

          Plaintiff,

-against-

TRIAXX ASSET MANAGEMENT LLC, et al.,

          Defendants.

18-CV-4044 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    For the reasons discussed during yesterday's telephonic conference, it is hereby ORDERED that:

1.    Trial Location. The trial scheduled to commence on **April 17, 2023, at 9:30 a.m.**, will take place in **Courtroom 20C** at the Daniel Patrick Moynihan United States Courthouse. The final pretrial conference, scheduled for **April 11, 2023, at 10:00 a.m.**, will be held in Courtroom 20A. (*See* Dkt. 449 ¶ 6.)

2.    Witness John G. Moon. The TAM Parties may present Mr. Moon's trial testimony via videoconference "if, at the time of trial, he cannot travel to New York City based upon the advice of his doctors." (Dkt. 493.) The TAM Parties shall (a) advise all parties and the Court, no later than **April 11, 2023**, whether Mr. Moon will testify in person or by videoconference; (b) if by videoconference, provide a supporting letter from one of Mr. Moon's physicians; and (c) make all necessary technical arrangements, and bear the associated costs, for any remote testimony by Mr. Moon. Additionally, the TAM Parties shall advise all parties and the Court promptly if for any reason Mr. Moon is unable to testify (either in person or remotely) at trial, so that the Court can consider alternatives to his live trial testimony.

3.    Courtroom Technology. Counsel are reminded that advance permission is required to bring laptops into the courtroom. *See* https://nysd.uscourts.gov/forms/fillable-form-electronic-devices-general-purpose. Counsel who plan to use more complex in-court technology may make the necessary arrangements with Courtroom Deputy Tamika Kay, telephone (212) 805-0228, email Moses_NYSDChambers@nysd.uscourts.gov, and should initiate that process promptly.

4.    TAM Parties' Proposed Corrected Exhibit List. The TAM Parties' proposed Corrected Exhibit List (Dkt. 479-1) is rejected insofar as it alters document descriptions or re-sequences and re-numbers trial exhibits. The TAM Parties may add proposed exhibits 3505 and 3506 to their original exhibit list, subject to objections and/or *limine* motions from other parties on grounds other than timeliness. No further additions to the parties' witness lists will be accepted. To the extent the TAM Parties have submitted affidavits or other

documents referencing exhibits by their proposed new numbers, they shall promptly re-submit those documents to reflect the original exhibit numbers.

5. <u>Submission of Trial Exhibits</u>. The parties are reminded that two copies of their pre-marked trial exhibits are due **April 4, 2023**. (Dkt. 449 ¶ 5.) In addition, the Court requests electronic copies of the trial exhibits, preferably on single device (or available through an online document depository to which the Court is provided credentials). At trial, it will be the parties' responsibility, when questioning a witness about an exhibit, to make a paper copy of that exhibit available for the witness's use.

6. <u>Deposition Designations</u>. Consolidated deposition designations, showing all parties' designations and objections, and formatted for ease of use at trial, are also due **April 4, 2023**. (Dkt. 449 ¶ 5.) The Court requests two bound copies, showing (for each deposition) the cover page, the signature/certification/errata pages, and the pages on which the designated testimony appears.

7. <u>Potential Requests to Seal</u>. The Court does not anticipate sealing any trial exhibits or trial testimony. "For at least forty years, the Second Circuit has found 'a presumption in favor of public inspection and copying of any item entered into evidence at a public session of a trial.'" *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2021 WL 2935963, at *1 (S.D.N.Y. July 13, 2021) (quoting *In re Application of Nat'l Broad. Co., Inc.*, 635 F.2d 945, 952 (2d Cir. 1980)). Moreover, exhibits are not ordinarily filed on the Court's public docket. "It is the parties' responsibility to maintain the trial exhibits." *Syntel Sterling Best Shores Mauritius*, 2021 WL 2935963, at *2. Nonetheless, there may be circumstances under which it is appropriate to seal trial exhibits or testimony. *See id.* (granting post-trial motion to seal certain trial exhibits and redact others). Any application to seal or redact trial exhibits or testimony must be made in writing and must explain why sealing or redaction is "essential to preserve higher values and . . . narrowly tailored to preserve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). This paragraph does not apply to redactions required by Fed. R. Civ. P. 5.2.

Dated: New York, New York
March 22, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**